IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOAQUIN BERNARDO GOMEZ LARA,

    Petitioner,

       v.                                         Civil Action No. 3:26cv478

PAUL PERRY, *et al.*,

    Respondents.

## MEMORANDUM OPINION

Joaquin Bernardo Gomez Lara, a federal immigration detainee currently detained in the Caroline Detention Center, proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition (the "§ 2241 Petition). (ECF No. 1.)[1] Petitioner challenges his detention by Immigration and Customs Enforcement ("ICE"). Respondent has filed an Opposition. (ECF No. 5.) Petitioner has not filed a Response.[2] For the reasons set forth below, the § 2241 Petition will be dismissed because, at this juncture, it is not ripe for judicial disposition.

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(1)–(3).

[2] The Court received documents entitled, "BOND PACKAGE" with "SUPPORTING DOCUMENTS FOR RELEASE FROM IMMIGRATION DETENTION," from Kenia Menjivar.

## I. Procedural History and Claims

On May 28, 2026, the Court received Petitioner's § 2241 Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  In his § 2241 Petition, Petitioner states that he was taken into immigration custody on May 8, 2026, and that removal proceedings are pending.  (ECF No. 1, at 5.)[3]  He indicates that he "enter[ed] legally with a VISA, [he doesn't] have a bad record," that he is a "good hard worker" and had a "wife who only knows this place, with [his] baby who was born here and fully depends on [him]."  (ECF No. 1, at 7.)  Petitioner asks the Court "to order [his] release from ICE custody or, in the alterative, to order a fair bond hearing."  (ECF No. 1, at 8.)

On June 3, 2026, the Court ordered Respondents to either file a Notice indicating that the factual and legal issues presented in the § 2241 Petition do not differ in any material fashion from those presented in *Duarte Escobar v. Perry, et al.*, 3:25-cv-758 (E.D. Va.), or an Opposition to the § 2241 Petition discussing the material differences between *Duarte Escobar* and the § 2241 Petition.  (ECF No. 4, at 1.)  On June 10, 2026, Respondents filed their Opposition arguing that material differences exist from *Duarte Escobar*.  (ECF No. 5.)  Based on Respondents' arguments, it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

---

(ECF No. 6; ECF No. 6-1.)  This Court cannot make a determination about Petitioner's eligibility for bond.  Petitioner should present these documents to the Immigration Court instead.

[3] The Court employs the pagination assigned by the CM/ECF docketing system.  The Court corrects the spelling, capitalization, and punctuation from the parties' submissions.

## II. Standards of Review

### A. Standard for Federal Rule of Civil Procedure 12(b)(1)

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if

3

the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

### B. Detention Under 8 U.S.C. §§ 1225 and 1226 Generally

Section 1225(a) of the Immigration and Nationality Act ("INA") provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225 then divides "applicants for admission" into two categories under §§ 1225(b)(1) and (b)(2).

Petitioner here is detained under 8 U.S.C. § 1226, not § 1225. (*See* ECF No. 5, at 1.) Section 1226, in contrast, establishes "the default rule" for detaining and removing aliens "already present in the United States." *Duarte Escobar v. Perry*, 807 F. Supp. 3d 564, 578 (E.D. Va. 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)). Section 1226(a) provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Pending the removal decision, the Attorney General may "continue to detain the arrested alien," "release the alien on . . . bond of at least $1,500," or "release the alien on . . . conditional parole." *Id.* § 1226(a)(1)–(2). Thus, individuals subject to detention under § 1226(a) are entitled to a bond hearing. *Id.* § 1226(c)(4).

4

### III.  Factual Background

Petitioner is twenty-eight years old and is a native and citizen of Mexico.  (ECF No. 5-1 ¶ 5.)  The following summarizes Petitioner's immigration status:

> 6.      On November 17, 2021, Petitioner was admitted to the United States with a B2 visa as a visitor for pleasure with authorization to remain in the United States for a temporary period not to exceed December 17, 2021.
>
> 7.      On May 8, 2026, Petitioner was encountered by [Enforcement Removal Operations ("ERO")] Washington during a traffic stop.  The officers determined that Petitioner had overstayed his Visa.  Officers served Petitioner with an I-200 Warrant for Arrest of Alien and took him into custody without incident.
>
> 8.      On May 8, 2026, Petitioner was served with a Notice to Appear charging him under 8 U.S.C. § 1227(a)(1)(B) in that after admission as a nonimmigrant under Section 1101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.
>
> 9.      As of June 5, 2026, Petitioner has not requested a bond hearing before the immigration court.

(ECF No. 5-1 ¶¶ 6–9.)

### IV.  Analysis

### A.  Petitioner's § 2241 Petition Requesting a Bond Hearing is Not Ripe

Petitioner seemingly suggests that ICE has improperly detained him subject to 8 U.S.C. § 1225 of the INA, without an individualized bond hearing.  However, Petitioner is not detained under § 1225.  Instead, "because Petitioner was admitted to the United States" he "is being detained pursuant to 8 U.S.C. § 1226 and is eligible to receive a bond determination hearing from the immigration court," but he simply needs to request one under 8 U.S.C. § 1226.  (ECF No. 4, at 1.)  The record reflects that Petitioner has never properly requested a bond hearing from an Immigration Judge.  (*See* ECF No. 5-1 ¶ 9.)  Respondents contend that because Petitioner has

5

never asked for or been denied a bond hearing by an Immigration Judge, he is not being unlawfully detained, and his § 2241 Petition is not ripe. (ECF No. 5, at 3.)

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[ is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693– 94 (4th Cir. 1983).

Ripeness is a doctrine used to evaluate whether an actual case or controversy exists, because a court cannot decide a claim that is not ripe for its review. *See Ohio Forestry Ass'n Inc. v. Sierra Club*, 523 U.S. 726, 732–34 (1998). The United States Supreme Court has recognized that "[t]he burden of proving ripeness falls on the party bringing suit." *S.C. Citizens for Life, Inc.*, 301 F. App'x at 220 (alteration in original) (quoting *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006)).

To determine whether a claim is ripe for judicial disposition, "a court must evaluate (i) 'the fitness of the issues for judicial decision' and (ii) 'the hardship to the parties of withholding court consideration.'" *Id.* at 221 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). A claim for relief "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296,

6

300 (1998) (internal quotation marks omitted) (citation omitted); *see Miller*, 462 F.3d at 319 ("A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." (citation omitted)).

Here, the Court agrees that Petitioner's claim that he has been denied an individualized bond hearing, (ECF No. 1, at 7), is not ripe because, at best, it rests upon a future contingency. Nothing in the record reflects that Petitioner has filed a motion requesting a bond hearing and has been denied a bond hearing by an Immigration Judge. Petitioner is entitled to ask for a bond hearing from an Immigration Judge where he can argue that he should not be subject to detention. Petitioner's claim is not ripe for adjudication because "it rests upon contingent future events that may not occur . . . ." *Texas*, 523 at 300 (internal quotation marks omitted) (citations omitted). Petitioner can only seek the relief he desires if he files a request for a bond hearing from the Immigration Court. Accordingly, the Court lacks Article III jurisdiction to consider the § 2241 Petition on the merits at this juncture.[4]

---

[4] In his § 2241 Petition, Petitioner indicates that he is "currently detained in immigration custody for a prolonged period . . . without [an] individualized" bond hearing. (ECF No. 1, at 7.) However, at this juncture, Petitioner has not been detained for an impermissibly long period without a bond hearing, as he was taken into custody on May 8, 2026. *See generally, Portillo v. Hott*, 322 F. Supp. 3d 698 (E.D. Va. 2018) (explaining that detention of over fourteen months was prolonged and amounted to a substantial burden on the petitioner's liberty interest on due process ground). Courts in the Eastern District of Virginia have found periods of over one year to be too prolonged to detain an individual without providing for a bond hearing. *See Abreu v. Crawford*, No. 1:24-cv-01782 (MSN), 2025 WL 51475, at *5 (E.D. Va. Jan. 8, 2025) (citing cases and finding twenty-five months in immigration detention under § 1226(c) without a bond hearing to violate due process); *Mauricio-Vasquez v. Crawford*, No. 1:16-cv-01422 (AJT/TCB), 2017 WL 1476349, at *4–5 (E.D. Va. Apr. 24, 2017) (ordering bond hearing after fifteen months); *Haughton v. Crawford*, No. 1:16-cv-634 (LMB/IDD), 2016 WL 5899285, at *9 (E.D. Va. Oct. 7, 2016) (ordering bond hearing after twelve months). At this juncture, Petitioner has been detained since May 8, 2026, less than two months. (ECF No. 5-1 ¶ 7.) Petitioner's detention has not yet approached the time where courts in this district have found a prolonged and substantial burden on his liberty interest. *Portillo*, 322 F. Supp. 3d at 707–08.

The Court further reminds Petitioner that he is entitled to file a motion for a bond hearing from an Immigration Judge.

## V.  Conclusion

The § 2241 Petition (ECF No. 1) will be DISMISSED for lack of jurisdiction.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 7/1/26
Richmond, Virginia

_____ /s/ _____
M. Hannah Lauck
Chief United States District Judge

8